Filing # 150674895 E-Filed 06/01/2022 04:08:59 PM

IN THE COUNTY COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA
CIVIL DIVISION

GRACE URZUA,
an individual,

    Plaintiff,

v.

Case No.:

MIDLAND CREDIT
MANAGEMENT, INC.,
a foreign for-profit corporation, and
MIDLAND FUNDING LLC,
a foreign limited liability company,

    Defendants.
_____/

## COMPLAINT WITH JURY TRIAL DEMAND

**COMES NOW**, Plaintiff, GRACE URZUA (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendants, MIDLAND CREDIT MANAGEMENT, INC. (hereinafter, "MCM") and MIDLAND FUNDING LLC (hereinafter "Midland") (hereinafter collectively, "Defendants"). In support thereof, Plaintiff alleges:

### PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Florida Consumer Collections Practices Act, Chapter 559, Florida Statutes (hereinafter, "FCCPA") and the Fair Debt Collection Practices Act, 15 United States Code, Section 1692 *et seq.* (hereinafter "FDCPA"), wherein Defendants unlawfully transmitted Plaintiff's personal information to a third-party in an attempt to collect a consumer debt.

### JURISDICTION, PARTIES, AND VENUE

2. This is an action for damages within the jurisdictional limits of this Court as well as for declaratory and injunctive relief.

3. Jurisdiction and venue for purposes of this action are conferred by the FCCPA and the FDCPA.

4. At all material times herein, the conduct of Defendants, complained of below, occurs in Polk County, Florida.

5. At all material times herein, Plaintiff is an individual residing in Polk County, Florida.

6. At all material times herein, Defendants conduct business in Polk County, Florida.

7. At all material times herein, Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts.

8. At all material times herein, Defendants regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

## FCCPA AND FDCPA STATUTORY STRUCTURE

9. The FCCPA is a state consumer protection statute, modeled after the FDCPA, a statute designed to prohibit unfair, deceptive, and abusive practices in the collection of consumer debts as well as to protect against the invasion of individual privacy. 15 U.S.C. §§ 1692(a) and (e); Fla. Stat. §§ 559.55 and 559.77(5).

10. The FDCPA imposes civil liability on any debt collector—and the FCCPA imposes liability on any creditor/person as well as any debt collector—who "uses any instrumentality of interstate commerce or the mails in any business the principal purposes of which is the collection of any debts," or who "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another" and both statutes prohibit engaging in particular violative conduct in connection with collecting consumer debts. 15 U.S.C. § 1692(a)(6); Fla. Stat. § 559.55(5).

11. Specifically, the FDCPA and FCCPA prohibit unlawful debt collection

"communication" with consumer debtors, which is defined as "the conveying of information regarding a debt *directly or indirectly* to any person *through any medium*." 15 U.S.C. § 1692(a)(2); Fla. Stat. § 559.55(2) (emphasis added).

12. For example, the FDCPA prohibits a debt collector from transmitting a debtor's personal information to a third-party. *See* 15 U.S.C. §1692c(b). *See also Hunstein v. Preferred Collection & Mgmt. Servs.*. No. 19-14434, 2021 U.S. App. LEXIS 11648 (11th Cir. Apr. 21, 2021).

13. Similarly, Pursuant to Section 559.72(5) of the FCCPA, in collecting consumer debts, no person shall: "[d]isclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false." Fla Stat. § 559.72(5).

## GENERAL ALLEGATIONS

14. At all material times herein, Plaintiff is a "debtor" or "consumer" as defined by the FCCPA and the FDCPA.

15. At all material times herein, Defendants are each a "creditor" as defined by the FCCPA.

16. At all material times herein, Defendants are each a "debt collector" as defined by the FCCPA and FDCPA.

17. At all material times herein, Defendants attempt to collect a consumer debt, including but not limited to a balance allegedly owed to Midland identified by original account number ending -0284 and/or MCM account number ending -4944 (hereinafter, the "Debt").

18. At all material times herein, the Debt is a consumer debt, an alleged obligation resulting from transactions for goods or services incurred primarily for personal, household, or

3

family use.

19. At all material times herein, Defendants are each a "person" subject the FCCPA. *See* Florida Statutes, Section 559.55(3); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

20. At all material times herein, Defendants' conduct, with regard to the Debt complained of below, qualifies as "communication" as defined by the FCCPA and the FDCPA.

21. At all material times herein, Defendants act themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

22. All necessary conditions precedent to the filing of this action occurred or Defendants waived the same.

## FACTUAL ALLEGATIONS

23. Between June and December 2021, Defendants transmitted Plaintiff's highly sensitive and personal information to a third-party (hereinafter, "Third-Party").

24. The highly sensitive and personal information Defendants transmitted to the Third-Party included, but was not limited to: [1] Plaintiff's name; [2] Plaintiff's address; [3] the existence of the Debt; [4] the amount of the Debt; [5] the creditor of the Debt; [6] that Plaintiff was the alleged debtor of the Debt; and [7] that Plaintiff did not pay the Debt and/or defaulted on the Debt (collectively, the "Transmitted Sensitive Information").

25. The Third-Party, to whom Defendants transmitted Plaintiff's Transmitted Sensitive Information, compiled Plaintiff's personal information and prepared a letter that was to be sent to Plaintiff in an attempt to collect the Debt.

26. The Transmitted Sensitive Information affected Plaintiff's reputation. For example,

the transmission of such information affected Plaintiff's reputation regarding the repayment of debts, Plaintiff's reputation of truthfulness, Plaintiff's reputation of solvency, Plaintiff's reputation regarding trustworthiness, and Plaintiff's reputation regarding creditworthiness.

27. Defendants' transmission of Plaintiff's Transmitted Sensitive Information to the Third-Party were communications in connection with the collect of the Debt.

28. Defendants, via the Third-Party, caused collection letters (hereinafter, "Collection Letters") to be sent directly to Plaintiff in attempts to collect the Debt. True and correct copies of the Collection Letters are attached as **Composite Exhibit A.**

29. The Collection Letters were sent directly to Plaintiff on the following dates:

   a. June 2, 2021;

   b. July 31, 2021;

   c. September 12, 2021;

   d. October 24, 2021; and

   e. December 5, 2021.

*See* **Ex. A.**

30. Defendants' transmission of Plaintiff's Transmitted Sensitive Information to the Third-Party is an explicit violation of Section 1692c(b) of the FDCPA. *See Hunstein v. Preferred Collection & Mgmt. Servs.*, No. 19-14434, 2021 U.S. App. LEXIS 11648 (11th Cir. Apr. 21, 2021).

31. The Collection Letters contain a bar code and/or Quick Response ("QR") code, of which are indicative of Defendant's use of the Third-Party to prepare, print, package, compile, and/or otherwise send the Collection Letter to Plaintiff.

32. For Defendants to maintain a valid consumer collection agency license with the Florida Department of State (to lawfully collect, or attempt to collect, consumer debts from Florida

consumers) Defendants knew they were required to tailor their (Defendants') debt collection methods to follow both the FDCPA and FCCPA.

33. Defendants knew that the Transmitted Sensitive Information constituted an unlawful transmission of Plaintiff's highly sensitive and personal information in violation of Section 1692c(b) of the FDCPA.

34. The Third-Party did not have any legitimate business need for the Transmitted Sensitive Information, because disclosing the Transmitted Sensitive Information to a Third Party constituted an unlawful transmission of Plaintiff's highly sensitive and personal information in violation of Section 1692c(b) of the FDCPA by Defendants. In other words, Defendants cannot argue the Third Party had a "legitimate business need" for Plaintiff's highly sensitive and personal information illegally disclosed without lawful justification or Plaintiff's consent.

35. Florida Statutes, Section 559.77 provides for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, an award of attorneys' fees, and costs to Plaintiff, should Plaintiff prevail in this matter against Defendants.

36. The FDCPA provides for the award of up to $1,000.00 statutory damages, actual damages, an award of attorneys' fees, and costs to Plaintiff, should Plaintiff prevail in this matter against Defendants.

37. Plaintiff retained Undersigned Counsel to pursue this matter against Defendants, and Plaintiff is obligated to pay Undersigned Counsel reasonable attorneys' fees and costs with respect to the same.

### COUNT ONE:
### UNLAWFUL DEBT COLLECTION PRACTICES –
### **VIOLATION OF FLORIDA STATUTES, SECTIONS 559.72(5)**

Plaintiff re-alleges paragraphs one (1) through thirty-seven (37) as if fully restated herein

and further states as follows:

38. Pursuant to Section 559.72(5) of the FCCPA, in collecting consumer debts, no person shall: "[d]isclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false." Fla Stat. § 559.72(5).

39. As set forth above, Defendants unlawfully transmitted Plaintiff's highly sensitive and personal information, by and through the Transmitted Sensitive Information, to the Third-Party, whereby said transmitted information affected Plaintiff's reputation because the Third-Party did not have any legitimate business need for unlawfully transmitted highly sensitive and personal information of Plaintiff.

40. Defendants cannot argue the Third Party had a "legitimate business need" for Plaintiff's highly sensitive and personal information illegally disclosed without lawful justification or Plaintiff's consent.

41. As a direct and proximate result of Defendants' actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT TWO:**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
<u>**VIOLATION OF 15 UNITED STATES CODE, SECTIONS 1692c(b)**</u>

Plaintiff re-alleges paragraphs one (1) through thirty-seven (37) as if fully restated herein and further state as follows:

42. Pursuant to Section 1692c(b) of the FDCPA, "a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor

or the attorney of the debt collector." 15 U.S.C. 1692c(b).

43. As set forth above, Defendants' transmission of Plaintiff's highly sensitive personal information to the Third-Party violates Section 1692c(b) of the FDCPA. *See Hunstein*, No. 19-14434, 2021 U.S. App. LEXIS 11648 (stating "[w]e hold (1) that a violation of § 1692c(b) gives rise to a concrete injury in fact under Article III and (2) that the debt collector's transmittal of the consumer's personal information to its dunning vendor constituted a communication 'in connection with the collection of any debt' within the meaning of § 1692c(b).").

44. Accordingly, Defendants violated Section 1692c(b) of the FDCPA when they transmitted Plaintiff's highly sensitive and personal information to the Third-Party.

45. As a direct and proximate result of Defendants' actions, Plaintiff sustained damages as defined by 15 United States Code, Section 1692k.

**PRAYER FOR RELIEF**

**WHEREFORE**, as a direct and proximate result of Defendants' conduct, Plaintiff respectfully requests an entry of:

    a. Judgment against Defendants declaring that Defendants violated the FCCPA;

    b. Judgment enjoining Defendants from engaging in further conduct in violation of the FCCPA.

    c. Judgment against Defendants for maximum statutory damages for violations of the FCCPA;

    d. Judgment against Defendants for maximum statutory damages for violations of the FDCPA;

    e. Actual damages;

    f.    An award of attorneys' fees and costs; and

    g.    Any other such relief the Court may deem proper.

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiff hereby demands a trial by jury on all issues triable by right.

Respectfully submitted,

SWIFT, ISRINGHAUS & DUBBELD, P.A.

/s/ *Aaron M. Swift*
Aaron M. Swift, Esq., FBN 0093088
Jon P. Dubbeld, Esq., FBN 105869
Jordan T. Isringhaus, Esq., FBN 0091487
Sean E. McEleney, Esq., FBN 0125561
Swift, Isringhaus & Dubbeld, P.A.
8380 Bay Pines Blvd.
St. Petersburg, FL 33709
Phone: (727) 490-9919
Fax: (727) 255-5332
jdubbeld@swift-law.com
aswift@swift-law.com
jisringhaus@swift-law.com
smceleney@swift-law.com
jmurphy@swift-law.com
*Counsel for Plaintiff*

Filing # 150674895 E-Filed 06/01/2022 04:08:59 PM

# Exhibit A

3/25/22, 3:45 PM



# Midland Credit Management

350 Camino De La Reina, Suite 100, San Diego, CA 92108

6/2/2021

**Original Creditor:** SYNCHRONY BANK
**Current Owner:** Midland Funding, LLC
**Original Account Number:** XXXXXXXXXXXX0284
**MCM Account Number:** XXXX8944
**Current Balance:** $664.03

Grace Urzua
P62 T1983 021

You are pre-approved for a 10% discount!
Reply Now! MidlandCredit.com
877-653-5260

## Choose The Option That Works For You.

RE: SYNCHRONY BANK   WALMART

Dear Grace,

Congratulations! You have been **pre-approved** for a discount program designed to save you money. Pay today at MidlandCredit.com or call 877-653-5260 now.

**Option 1*: 10% OFF**
Payment Due Date: 7/2/2021
You Pay Only $597.63

**Option 2**: 5% OFF**
First Payment Due Date: 7/2/2021
6 Monthly Payments of Only $105.14

**Option 3: Monthly Payments As Low As:**
Call today to discuss your options and get more details
$50 per month

If these options don't work for you, call one of our Account Managers to help you set up a payment plan that does.

Sincerely,

Tim Bolin
Division Manager

### Benefits of Paying!
Save Up To: $66.40

STOP our calls by selecting one of these 3 options

This offer expires 7/2/2021

MidlandCredit.com
877-653-5260

*To take advantage of Option 1, log in to MidlandCredit.com, choose "MAKE A PAYMENT" and follow the on-screen instructions. You may also call 877-653-5260.
**Option 2 is only available by calling 877-653-5260.

We are not obligated to renew any offers provided.

MidlandCredit.com | 877-653-5260 | PO Box 301030, Los Angeles, CA 90030-1030

**PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION**

---

Receive this 10% DISCOUNT OFFER when payment is made on or before 7/2/2021

**RECEIVE THIS DISCOUNT** WITH YOUR PAYMENT ON OR BEFORE 7/2/2021

RETURN this slip with payment in the envelope provided to receive this limited-time discount offer.

Total Enclosed: $ _____

Account Number: XXXX8944
Current Balance: $664.03
DISCOUNTED Amount: $597.63

Mail Payments to:
Midland Credit Management, Inc.
PO Box 301030
Los Angeles, CA 90030-1030

1/1





3/25/22, 3:56 PM



**Midland Credit Management**
350 Camino De La Reina, Suite 100, San Diego, CA 92108

10/24/2021

Original Creditor: SYNCHRONY BANK
Current Owner: Midland Funding, LLC
Original Account Number: xxxxxxxxxxxx0284
MCM Account Number: ...44
Current Balance: $664.03

Grace Urzua
P56 T1905 021

You are pre-approved for a 10% discount!
Reply Now! MidlandCredit.com
877-653-5260

### Choose The Option That Works For You.

RE SYNCHRONY BANK     WALMART

Dear Grace,

Congratulations! You have been pre-approved for a discount program designed to save you money. Pay today at MidlandCredit.com or call 877-653-5260 now.

**Option 1: 10% OFF**
Payment Due Date: 11/23/2021
You Pay Only $597.63

**Option 2: 5% OFF**
First Payment Due Date: 11/23/2021
6 Monthly Payments of Only $105.14

**Option 3: Monthly Payments As Low As:**
Call today to discuss your options and get more details.
$50 per month

**Benefits of Paying!**
Save Up To: $66.40
STOP our calls by selecting one of these 3 options
This offer expires 11/23/2021

If these options don't work for you, call one of our Account Managers to help you set up a payment plan that does.

Sincerely,
Tim Bolin
Division Manager

MidlandCredit.com
877-653-5260

*To take advantage of Option 1, log in to MidlandCredit.com, choose "MAKE A PAYMENT" and follow the on-screen instructions. You may also call 877-653-5260.
**Option 2 is only available by calling 877-653-5260.

The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. If you do not pay the debt, we may continue to report it to the credit reporting agencies as unpaid.

We are not obligated to renew any offers provided.

MidlandCredit.com   877-653-5260   Midland Credit Management, Inc. PO Box 301030 Los Angeles, CA 90030-1030

PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION

**RECEIVE THIS DISCOUNT** WITH YOUR PAYMENT ON OR BEFORE  11/23/2021

RETURN this slip with payment in the envelope provided to receive this limited-time discount offer.

Total Enclosed: $ _____

Account Number: 4944
Current Balance: $664.03
DISCOUNTED Amount: $597.63

Mail Payments to:
Midland Credit Management, Inc.
PO Box 301030
Los Angeles, CA 90030-1030

4944

0067

1/1

3/25/22, 3:47 PM



3/25/22, 3:48 PM



**Important Disclosure Information:**

Please understand this is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

Calls to and/or from this company may be monitored or recorded.

### Basic Information

| Original Creditor | SYNCHRONY BANK | MCM Account Number | 4944 |
|---|---|---|---|
| Original Account Number | xxxxxxxxxxxx0284 | Charge-Off Date | 3/14/2018 |
| Current Creditor The sole owner of this debt | Midland Funding, LLC | Current Servicer | Midland Credit Management, Inc. |

### Important Contact Information

| Send Payments to: Midland Credit Management, Inc. PO Box 301030 Los Angeles, CA 90030-1030 | Send disputes or an instrument tendered as full satisfaction of a debt to: Attn: Consumer Support Services 320 E Big Beaver Rd. Suite 300 Troy, MI 48083 You may also call: 877-875-5578 | Physical Payments for Colorado Residents: Colorado Manager, Inc. 8690 Wolff Court, Suite 110 Westminster, CO 80031 Phone (303) 920-4763 |
|---|---|---|

We are required under state law to notify consumers of the following additional rights. This list does not contain a complete list of the rights consumers have under applicable law:

**IF YOU LIVE IN MASSACHUSETTS, THIS APPLIES TO YOU:** NOTICE OF IMPORTANT RIGHTS: You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten (10) days unless you provide written confirmation of the request postmarked or delivered within seven (7) days of such request. You may terminate this request by writing to MCM.

**IF YOU LIVE IN NORTH CAROLINA, THIS APPLIES TO YOU:** North Carolina Department of Insurance Permit #101659, #4182, #4250, #3777, #111895, #112039, #113170, #113236 and #112678. Midland Credit Management, Inc. 350 Camino De La Reina, Suite 100, San Diego, CA, 92108

**IF YOU LIVE IN TENNESSEE, THIS APPLIES TO YOU:** This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

1/1